IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ERIKA FELTER AND
JONATHAN FELTER                                         PLAINTIFFS

VS.                        CIVIL ACTION NO. 5:11-cv-46(DCB)(RHW)

ANGIE BROWN, FORMER SHERIFF OF
ADAMS COUNTY, MISSISSIPPI; DARRYL
LONGINO, FORMER DEPUTY SHERIFF OF
ADAMS COUNTY, MISSISSIPPI; AND
ADAMS COUNTY, MISSISSIPPI                               DEFENDANTS


ORDER

     This cause is before the Court sua sponte to address defendant
Darryl Longino's assertion of qualified immunity.  In his Answer,
defendant Longino raised the issue of qualified immunity as an
affirmative defense to all claims brought against him in his
individual capacity.  "[G]overnment officials performing
discretionary functions generally are shielded from liability for
civil damages insofar as their conduct does not violate clearly
established statutory or constitutional rights of which a
reasonable person would have known."  Harlow v. Fitzgerald, 457
U.S. 800, 818 (1982).  A stay order was entered in this case on
April 20, 2011, allowing discovery to proceed solely on the issue
of qualified immunity.  The parties have conducted discovery, and
the last deposition was taken on April 16, 2012.

     On June 29, 2012, the Court ordered the plaintiffs to file a
reply to defendant Longino's assertion of a qualified immunity
defense within 20 days from the date of the Order.  See Schultea v.

<u>Wood</u>, 47 F.3d 1427, 1433 (5th Cir. 1995).

Plaintiffs suing a defendant in his individual capacity pursuant to Section 1983 must allege specific conduct giving rise to the constitutional violation. <u>Oliver v. Scott</u>, 276 F.3d 736, 740 (5th Cir. 2002). When a defendant invokes qualified immunity, the burden is on the plaintiffs to demonstrate the inapplicability of the defense. <u>McClendon v. City of Columbia</u>, 305 F.3d 314, 323 (5th Cir. 2002).

The Court ordered the plaintiffs to file a heightened pleading in the form of "a short and plain statement of [their] complaint" against defendant Longino, "a complaint that rests on more than conclusions alone." <u>Shultea</u>, 47 F.3d at 1433. The plaintiffs were cautioned that their reply must contain allegations of fact focusing on specific conduct of the defendant that they claim caused the alleged injury, and that they must support their claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of the defendant's conduct at the time of the alleged acts. <u>See</u> <u>id</u>. at 1434.

Defendant Longino was granted leave to file an immunity-related motion within twenty days following the filing of the plaintiffs' <u>Schultea</u> reply. However, the plaintiffs did not file a <u>Schultea</u> reply within the time allowed by the Court. On August 13, 2012, the court entered a Order to Show Cause requiring a response from the plaintiffs, and warning them that their failure

to reply could result in dismissal of defendant Longino.   There being no response from the plaintiffs, the Court finds that defendant Longino should be allowed to renew his motion for qualified immunity.   Accordingly,

IT IS HEREBY ORDERED that defendant Darryl Longino is granted thirty (30) days from the date of entry of this Order to file a Motion to Dismiss based on qualified immunity.

SO ORDERED, this the 26th day of November, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE