IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


ERIKA FELTER AND
JONATHAN FELTER                                        PLAINTIFFS

VS.                        CIVIL ACTION NO. 5:11-cv-46(DCB)(MTP)

ANGIE BROWN, FORMER SHERIFF OF
ADAMS COUNTY, MISSISSIPPI; DARRYL
LONGINO, FORMER DEPUTY SHERIFF OF
ADAMS COUNTY, MISSISSIPPI; AND
ADAMS COUNTY, MISSISSIPPI                              DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on defendants Adams County,
Angie Brown and Darryl Longino's Motion for Summary Judgment
**(docket entry 33)**.  Having carefully considered the motion, to
which no response has been filed by the plaintiffs, and the
applicable law, as well as the record in this case, the Court finds
as follows:

The Court previously granted defendant Longino's motion for
summary judgment based on qualified immunity as to the claims
against him under federal law (Memorandum Opinion and Order of
October 2, 2013)(docket entry 30).  The defendants now move for
summary judgment on the following grounds: (1) the plaintiffs'
Constitutional claims as to the County fail as there is no
underlying constitutional violation; (2) the plaintiffs have failed
to provide evidence of a policy, practice or custom that was the
"moving force" behind any alleged constitutional violation; (3)
Adams County is entitled to immunity as to the plaintiffs' state

law claims pursuant to Miss. Code Ann. § 11-46-9(1)(c) of the
Mississippi Tort Claims Act("MTCA"); and (4) to the extent the
plaintiffs are asserting state law claims against Deputy Longino in
his individual capacity, the same are barred by Section 11-46-7(2)
of the MTCA.[1]   Defendants' Motion for Summary Judgment, ¶¶ 3-5.

Parties seeking summary judgment bear the burden of "informing
the district court of the basis for [their] motion, and identifying
those portions of [the record evidence] which [they] believe[]
demonstrate the absence of a genuine issue of material fact."
Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "A genuine
issue of material fact exists if the evidence is such that a
reasonable jury could return a verdict for the non-moving party."
Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir.
2000).

Once the moving parties meet their burden, the nonmoving party
must then "come forward with specific facts showing a genuine
factual issue for trial."  Harris ex rel. Harris v. Pontotoc Cnty.
Sch. Dist., 635 F.3d 685, 690 (5th Cir. 2011).  The nonmoving party
cannot rely on metaphysical doubt, conclusive allegations, or
unsubstantiated assertions, but instead must show that there is an
actual controversy warranting trial.  Little v. Liquid Air Corp.,

_____

[1] The defendants' motion also states that the Motion to
Dismiss Sheriff's Department and Board of Supervisors (docket entry
9) remains pending and should be granted.   However, the Court
previously granted the motion on June 29, 2012 (docket entry 23).

37 F.3d 1069, 1075 (5th Cir. 1994)(internal citations omitted).  As the 2010 amendments to Rule 56 make clear, a party asserting that a fact "is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials ...."  Fed.R.Civ.P. 56(c)(1)(A).

The plaintiffs have failed to respond to the defendants' motion for summary judgment.  The local rules of this Court require a response to a motion within fourteen days, L.U.C.R. 7(b)(4), which is not optional.  Blackard v. City of Southaven, 2012 WL 827192, *3 (N.D. Miss. March 9, 2012).  The plaintiffs, who are represented by counsel, neither responded to the motion nor moved for additional time to respond.

The Court notes that it may not grant summary judgment by default, i.e., merely because there is no opposition to the motion.  Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 362 n.3 (5th Cir. 1995).  However, the Court may accept as undisputed the movants' version of the facts and grant the motion where the movants have made a prima facie showing of their entitlement to summary judgment.  Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988); Romberger v. United Transp. Union, 930 F.Supp. 1131, 1132 (N.D. Miss. 1996).  In other words, the defendants must still meet

3

their burden of establishing that no genuine issue of material fact exists concerning the plaintiffs' claims and that they are entitled to judgment as a matter of law.

According to the plaintiffs' Complaint, on September 19, 2009, "Erika Felter called the Adams County Sheriff's Department for assistance in euthanizing and disposing of a large, badly injured whitetail deer" near a roadway in Adams County, Mississippi. Complaint, ¶ 8. The Complaint further alleges that defendant Longino arrived on the scene and attempted to kill the deer with his firearm, but neither of two shots to the animal's head was lethal. Id. at ¶ 9. Plaintiff Erika Felter continued to implore Longino to kill the animal, or allow her husband or brother to do so, but Longino refused. Id. at ¶¶ 9-10. Then, "[p]recipitously and without any justification, Deputy Longino handcuffed Erika Felter and took her against her will and without her consent to the Adams County Jail where she was incarcerated and charged with 'failure to obey an officer.' The charge was eventually dismissed." Id. at ¶ 11.

This Court previously found that Deputy Longino had probable cause to arrest Mrs. Felter on a misdemeanor charge of failure to obey, and that he was entitled to qualified immunity from the Fourth Amendment wrongful arrest claim and the Fourteenth Amendment false imprisonment claim. (Memorandum Opinion and Order of October 2, 2013)(docket entry 30).

The plaintiffs assert that Adams County failed to adequately train, discipline and supervise Deputy Longino. A local government, like Adams County, can be held liable under Section 1983 for violating a citizen's constitutional rights, but only if "the governmental body itself 'subjects' [that] person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011). Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." Id. Thus, there is no respondeat superior liability under Section 1983; rather, the key to municipal liability is demonstrating that a deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978). The unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001). To establish liability against Adams County, the plaintiffs must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 247-249 (5th Cir. 2003). A "policy or custom" can be either (1) a policy statement, ordinance, regulation,

or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. McGregory v. City of Jackson, 335 Fed.Appx. 446, 448-449 (5th Cir 2009).

The plaintiffs must also demonstrate a link between the policy and the constitutional violation, and the policy must be maintained with "objective deliberate indifference" to a constitutionally protected right. Lawson v. Dallas County, 286 F.3d 257, 263 (5th Cir. 2002). A municipality acts with objective deliberate indifference if it promulgates a policy or custom despite the "known or obvious consequences that constitutional violations would result." Piotrowski, 237 F.3d at 567. Deliberate indifference of this sort is a stringent test, and "a showing of simple or even heightened negligence will not suffice" to prove municipal culpability. Id. at 579.

In this case, as previously found by the Court, the plaintiffs have failed to demonstrate an underlying constitutional violation because Deputy Longino had sufficient probable cause to arrest Erika Felter. As the Fifth Circuit has explained, "[w]ithout an underlying constitutional violation, an essential element of municipal liability is missing." Becerra v. Asher, 105 F.3d 1042, 1048 (5th Cir. 1997).

Thus, the plaintiffs' federal claims against Adams County fail due to the lack of a constitutional violation.

The plaintiffs also bring federal law claims against Angie Brown, former sheriff of Adams County; however, she is sued in her official capacity only.  Complaint, ¶ 4 (docket entry 1).  Suits against governmental officers or employees in their official capacity are, in reality, suits against the entity that the officer or employee represents.  See Monell v. Dept. of Soc. Serv., 436 U.S. 658, 690 n.55 (1978)(official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."); Kentucky v. Graham, 473 U.S. 159, 167 (1985)("a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.").  Therefore, the plaintiffs' claims against Brown in her official capacity are claims against Adams County.  As set forth above, under the facts of this case, Adams County cannot be held liable under Section 1983 for violating the plaintiff's constitutional rights.

The plaintiffs also bring state law claims against Adams County, Brown and Longino.  All of the plaintiffs' state law claims are governed by the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, et seq.; City of Tupelo v. Martin, 747 So. 2d 822, 826 (Miss. 1999).  The MTCA waives sovereign immunity as a whole for Mississippi's political subdivisions; however, the MTCA

retains a number of restrictions, limitations and exemptions from liability.  See, e.g., 11-46-7(2); 11-46-9(1).

All of the plaintiffs' state law claims are barred by the MTCA.  Section 11-46-9(1)(c), commonly referred to as the "police function exception," provides:

> [a] governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury.

Miss. Code Ann. § 11-46-9(1)(c).

Section 11-46-9(1)(c) provides two avenues of immunity: (1) if the plaintiff was engaged in criminal activity at the time of the incident in question, Adams County is immune from suit and; (2) even if the plaintiff was not engaged in criminal activity, if no officer acted with reckless disregard for her safety and well-being, then Adams County is immune from suit.  Estate of James Stanley Williams v. City of Jackson, Mississippi, 844 So. 2d 1161, 1164 (Miss. 2003).  In this case, Deputy Longino had probable cause to arrest Erika Felter for failure to obey.  Because Erika Felter was engaged in criminal activity (failing to obey an official order), the plaintiffs' claims under state law fail.

To the extent that the plaintiffs are attempting to hold Deputy Longino liable in his individual capacity under state law,

those claims must also fail.  Section 11-46-7(2) of the MTCA allows an individual to be joined in a representative capacity; however, an individual, in the scope and course of his employment, can have no personal liability.  Miss. Code Ann. § 11-46-7(2).  It is uncontested that Deputy Longino was, at all times, acting within the course and scope of his employment with Adams County. Complaint, ¶¶ 7, 16.  Therefore, Longino can have no personal liability in this case.

For the foregoing reasons, the Court finds that the defendants' motion for summary judgment is well-taken. Accordingly,

IT IS HEREBY ORDERED that defendants Adams County, Angie Brown and Darryl Longino's Motion for Summary Judgment **(docket entry 33)** is GRANTED.

A Final Judgment dismissing this action with prejudice shall follow.

SO ORDERED, this the 7th day of January, 2014.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE